884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David M. ROMAN, Defendant-Appellant.
 No. 88-5621.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 8, 1989.
Decided Aug. 18, 1989.
 
 D.Md.
 AFFIRMED.
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Sr., District Court Judge. (CR-87-426-K).
 Kenneth D. Man, Kroop, Kurland & Rosenberg for appellant.
 E. Thomas Roberts, Office of the U.S. Attorney, for appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, WIDENER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The question presented is whether the trial court abused its discretion by refusing to grant a mistrial during appellant David Roman's trial on drug and firearms charges. We find no abuse of discretion in the failure to order a mistrial and accordingly affirm the conviction.
 
 I.
 
 2
 Detective P. Michael Patterson of the Prince George's County Police Department was investigating alleged illicit drug activity at 3106 Floral Park Drive, Brandywine, Maryland, in June of 1987. Detective Patterson first prepared an affidavit in support of a search warrant that described the premises and mentioned one Joey Blackwell. The affidavit did not mention appellant. The warrant obtained on the basis of this affidavit was never executed. Subsequently, Detective Patterson prepared a second affidavit, that did mention appellant. When Detective Patterson and other officers executed the warrant obtained with the second affidavit, they discovered extensive evidence of a large drug operation at 3106 Floral Park Drive.
 
 
 3
 At trial before the Honorable Frank A. Kaufman, United States District Judge for the District of Maryland, appellant's counsel cross-examined Detective Patterson regarding his affidavit in support of the search warrant. Appellant's counsel asked Detective Patterson, "It is not mentioned in your affidavit anything concerning Mr. Roman, is that correct?" Detective Patterson responded, "That's incorrect. His name is in the last page, I believe, or the next to last page." Transcript of May 10, 1988 ("Tr.") at 155. At a bench conference, it was learned that Assistant United States Attorney Roberts inadvertently had provided appellant's counsel with a copy of the first, but not the second, affidavit and warrant during discovery. Without alleging prosecutorial misconduct or bad faith, appellant's counsel moved for a mistrial.
 
 
 4
 The trial court denied the motion pending briefing and argument at a later date but offered counsel three alternative remedies. First, a stipulation could be read to the jury that would explain the contents of both affidavits and Roberts' failure to provide appellant with the second affidavit and warrant. See id. at 161, 171-172. Second, appellant's counsel could elicit these same facts by examination of Detective Patterson and possibly other witnesses. See id. at 161. Third, counsel could stipulate that the warrant shown to Detective Patterson did not mention appellant. See id. at 171-172. Technically, this was correct. Although the second affidavit mentioned appellant, the second search warrant did not. By stipulating that the warrant shown Detective Patterson did not mention appellant and then not eliciting any testimony about the second affidavit, counsel could leave the jury with exactly the impression that appellant's counsel expected he would leave when he first asked Detective Patterson about his affidavit. That is, the jury could believe that appellant had not been mentioned in Detective Patterson's affidavit or in the search warrant.
 
 
 5
 Appellant and his counsel, although continuing to request a mistrial, chose the third option. When the jurors returned, Judge Kaufman told them that the delay in the proceedings was due in part to another matter involving an unrelated case and that the parties had stipulated that appellant's name was not mentioned in the warrant shown to Detective Patterson. The trial continued, and appellant was convicted of conspiracy to distribute 500 grams or more of cocaine, 21 U.S.C. Sec. 846, possession with intent to distribute 500 grams or more of cocaine, 21 U.S.C. Sec. 841, possessing a firearm subsequent to a felony conviction, 18 U.S.C. Sec. 922(g), and use of a firearm during a drug trafficking crime, 18 U.S.C. Sec. 924(c). Judge Kaufman held a hearing on appellant's motion for a mistrial, after which he again denied appellant's motion.
 
 II.
 
 6
 Absent a clear abuse of discretion, a trial court's decision to grant or deny a mistrial will not be overruled on appeal. See United States v. Thompson, 744 F.2d 1065, 1068 (4th Cir.1984). Appellant presents two claims of abuse of discretion related to the denial of his motion for a mistrial. First, he argues that the damaging effect of the witness's answer, coupled with the jurors' possible inferences based on the length of the discussions outside of their presence immediately after the answer, so prejudiced appellant that a mistrial was required. In determining whether a particular grant or denial of a mistrial constitutes an abuse of discretion, a trial court's consideration of alternatives, such as curative instructions, argues strongly in favor of upholding the trial court's decision. See, e.g., United States v. Martin, 756 F.2d 323, 328 (4th Cir.1985) (en banc); Harris v. Young, 607 F.2d 1081, 1085 (4th Cir.1979). In this case, Judge Kaufman presented appellant's counsel with three alternatives less drastic than a mistrial.
 
 
 7
 Furthermore, the alternative selected by appellant--a stipulation that appellant was not mentioned in the warrant shown to Detective Patterson--placed appellant in virtually the same position he expected to be in prior to trial. Arguably, appellant was in a better position than he would have been had the government produced the second affidavit and warrant in discovery. Appellant's counsel was able to argue to the jury that appellant's name was not in the warrant without the government countering that his name had been mentioned in Detective Patterson's affidavit.
 
 
 8
 Appellant contends that the course of the proceedings "made it painfully aware to the jury that there was, in fact, some mention of Mr. Roman in the Affidavit otherwise there would not have been the lengthy discussions concerning that issue." Appellant's Brief at 8. The jury, however, had no way of knowing the content of the discussions following Detective Patterson's answer. When the jury returned to the courtroom, Judge Kaufman explained: "I'm sorry for the delay, I took care of one other case that I had to take care of that had nothing to do with this case, but we took some time to get also the matter that caused the bench conference to occur straightened out...." Tr. at 195. The trial court judge is in the best position to evaluate the potential for prejudice in the courtroom, and Judge Kaufman expressly found that Detective Patterson's answer, the lengthy delay, and the stipulation did not prejudice appellant. See Transcript of Hearing of May 17, 1989, at 17-19.
 
 
 9
 Appellant's second argument for reversal is that the government's failure to provide a copy of the second warrant and affidavit prevented his informed consideration of a plea agreement. In the context of the overwhelming physical evidence and the expected testimony of government witnesses linking appellant to illicit drug activity, the absence of appellant's name from the affidavit in support of a search warrant was insignificant. There is no evidence that would support a finding that, had the government produced the second affidavit and warrant, appellant would have entered into a plea agreement.
 
 
 10
 Nor is there any evidence to indicate that appellant was precluded from entering a plea agreement once the government's inadvertence was discovered. See id. at 20. A defendant can enter a plea of guilty at any time prior to the rendering of a verdict, including during trial. Indeed, the government's error, and the possibility for a mistrial as a result, could have placed appellant in a better position to plea bargain than he would have been had there been no error. Thus, appellant suffered no prejudice to his ability to plea bargain as a result of the government's inadvertence.
 
 
 11
 Accordingly, we find that the district court did not abuse its discretion when it denied appellant's motion for a mistrial. The judgment of the district court is therefore
 
 
 12
 AFFIRMED.